UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

OSR ROTTERDAM BV,

          Plaintiff,

    v.                         Case No. 1:25-cv-00153

SADOT LATAM LLC and
SADOT GROUP INC,

          Defendants.

---

## VERIFIED COMPLAINT

Plaintiff OSR ROTTERDAM BV ("OSR"), by and through its undersigned attorneys, respectfully submits this *Verified Complaint* against defendants SADOT LATAM LLC ("Sadot Latam") and SADOT GROUP INC ("Sadot Group" and, together with Sadot Latam, "Sadot"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This *Verified Complaint* contains a prayer for process to attach Sadot's property pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

2. This Court has admiralty or maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3. This *Verified Complaint* concerns admiralty and maritime claims so designated within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Supplemental Rule B because, upon information and belief, Sadot's property is now or soon will be here.

## PARTIES

5.      Plaintiff OSR is a foreign business entity organized and existing under the laws of the Netherlands with a principal place of business located at Fascinatio Boulevard 742, 2909 VA Capelle aan den Ijssel, the Netherlands.

6.      Defendant Sadot Latam is a Delaware business entity with a registered agent located at 251 Little Falls Drive, Wilmington, Delaware 19808 and a principal place of business located at 1751 River Run, Suite 200, Fort Worth, Texas 76107.

7.      Defendant Sadot Group is a Nevada business entity with a registered agent located at 112 North Curry Street, Carson City, Nevada 89703 and a principal place of business located at 1751 River Run, Suite 200, Fort Worth, Texas 76107.

## THE FACTS

8.      On February 15, 2024, OSR, as owners, and Sadot Latam guaranteed by Sadot Group, as charterers, entered into a charter party on a North American Grain Charterparty form, with rider clauses, for a vessel to be nominated by OSR to carry a 30,000 MT bulk grain cargo to be provided by Sadot from Brazil or Argentina to Colombia, Ecuador, or Venezuela.

9.      The charter party's original "laycan" was May 1-30, 2024.  "'Laycan' refers to the window of time during which a vessel must arrive at the [load] port to avoid cancellation by the charterer."  *Ramaco Res., LLC v. Fed. Ins. Co.*, 589 F. Supp. 3d 567 (S.D.W. Va. 2022), aff'd in part, rev'd in part and remanded, 74 F.4th 255 (4th Cir. 2023) (quoting *Teras Chartering, LLC v. Hyupjin Shipping Co.*, Case No. C16-0188RSM, 2017 WL 3424960 (W.D. Wash. Aug. 9, 2017)).

10.     The charter party provided that, 15 days prior to the laycan, OSR would nominate a vessel, and OSR did nominate vessels.

11.    The charter party provided that, 25 days prior to the original laycan, Sadot would narrow the laycan to a 7-day window, but Sadot did not narrow the laycan.

12.    The charter party provided that, 20 days prior to the narrowed laycan, Sadot would declare the load and discharge ports, but Sadot did not declare the load and discharge ports.

13.    Instead, because it did not have a cargo to load, Sadot requested a series of deferments of the original laycan—from May 2024 to July 2024, to November 2024, to December 2024, and to January 2025.

14.    On January 17, 2025, purportedly because "the world economy is passing for a terrible situation," Sadot agreed to pay OSR $250,000.00 "as a washout to cancel" the charter party.

15.    On or about January 21, 2025, OSR issued two invoices to Sadot in connection with the charter party cancelation.  *See Exhibit A – The Cancellation Invoices*.

16.    On February 5, 2025, shortly after the first charter party cancellation installment payment became overdue, Sadot represented, through brokers, that it was "checking with [its] accounting departing regarding the delayed payment."

17.    Nonetheless, despite several demands, OSR still has not received any of Sadot's agreed-upon charter party cancellation payments.

18.    The charter party provided for disputes to be arbitrated in New York with "US Law" to apply.

19.    On March 3, 2025, OSR demanded arbitration in New York.

20.    Upon information and belief, Sadot Latam maintains a bank account with Citizens Bank NA in Providence, Rhode Island.

**COUNT I**
**BREACHES OF MARITIME CONTRACT**

21.    OSR repeats and realleges each and every allegation set forth in paragraphs 1-20 above.

22. Sadot breached its charter party duties to narrow the laycan and to declare load and discharge ports, as well as its paramount duty as a charterer to provide a cargo.

23. Additionally, Sadot breached its agreement to pay OSR $250,000.00 to cancel the charter party.

24. As a direct result of Sadot's breaches, OSR has incurred damages of at least $250,000.00 plus fees, costs, and interest.

## COUNT II
## RULE B MARITIME ATTACHMENT

25. OSR repeats and realleges each and every allegation set forth in paragraphs 1-24 above.

26. OSR satisfied all the requirements for Supplemental Rule B maritime attachment of Sadot's property.

27. First, OSR has valid maritime claims against Sadot—*i.e.*, breaches of a charter party.

28. Second, Supplemental Rule B authorizes a maritime claimant to attach a defendant's property within a district if the defendant cannot be found within the district and, here, Sadot cannot be found within this District. *See Exhibit B – Attorney's Declaration that Defendants Cannot be Found Within the District.*

29. Third, upon information and belief, Sadot has or soon will have property located within this District during the pendency of this action—more particularly, a bank account located in Providence, Rhode Island. *See Verified Complaint in Admiralty*, Docket No. 1 at ¶ 111, *Zen-Noh Grain Corp. v. Sadot Latam LLC*, Case No. 24 Civ. 381 (D. R.I. Sept. 24, 2024).

30. Fourth, there is no statutory bar to recovery.

31. Sadot has not as of the date of this *Verified Complaint* posted any security for OSR's underlying claims.

32.     Accordingly, as authorized by Supplemental Rule B, OSR seeks both *quasi in rem* jurisdiction over Sadot and security for its charter party arbitration claim against Sadot by and through attachment of Sadot's property.

33.     OSR expressly reserves all of its rights to seek additional security as its claims for damages, fees, costs, and interest—including but not limited to arbitration-related expenses—continue to accrue.

## PRAYER

WHEREFORE, plaintiff OSR prays that this Honorable Court:

A.     Issue an order pursuant to Supplemental Rule B directing the clerk to issue a writ of maritime attachment and garnishment of Defendant Sadot's assets within this District;

B.     Fix any security thereafter at the maximum amount permitted by Supplemental Rule E(5), which permits up to twice the amount of a plaintiff's claim—*i.e.*, $500,000.00;

C.     Retain jurisdiction over this attachment through the entry and satisfaction of any arbitration award or court judgment related to OSR's underlying claims against Sadot;

D.     Enter judgment against Sadot in an amount of at least $250,000.00 plus fees, costs, and interest; and

E.     Grant such other and further relief as it deems just and proper.

Dated: April 14, 2025

                                                             Plaintiff, OSR ROTTERDAM BV
                                                             By its Attorneys:

                                                             Kirby L. Aarsheim (Bar No.: 8368)
                                                             Farrell Smith O'Connell
                                                             Aarsheim Aprans LLP
                                                             106 Francis Street, Suite B2
                                                             Providence, Rhode Island 02903
                                                             508-989-1821 (Tel)

kaarsheim@fsofirm.com

and

*/s/ Robert E. O'Connor*
Robert E. O'Connor (*pro hac vice* to be filed)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, NY 10022
Tel.: (212) 867-9500
Email: roconnor@mmwr.com