UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

OSR ROTTERDAM BV,

        Plaintiff,

    v.                                      Case No. 1:25-cv-00153-MRD-PAS

SADOT LATAM LLC and
SADOT GROUP INC,

        Defendants.

---

## MOTION FOR DEFAULT JUDGMENT
## AND DISBURSEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Supplemental Rule B for Admiralty or Maritime Claims, and Local Rule 55(b), plaintiff OSR ROTTERDAM BV ("OSR"), by and through its undersigned counsel, respectfully moves this Court for entry of default judgment against defendants SADOT LATAM LLC ("Sadot Latam") and SADOT GROUP INC ("Sadot Group" and, together, "Sadot"), and for an order directing garnishee CITIZENS BANK NA ("Citizens Bank") to disburse the attached funds to OSR. In support of its motion, OSR respectfully states:

## INTRODUCTION

This is a straightforward Supplemental Rule B maritime attachment case in which the defendants have chosen not to appear. OSR entered into a maritime contract with Sadot for the hire of a vessel. Sadot breached that contract, failed to pay the agreed cancellation fee, and ignored this action despite proper service and notice. OSR successfully attached Sadot Latam's funds held by Citizens Bank to obtain security for its claims and *quasi in rem* jurisdiction. The Clerk has entered default. OSR now seeks default judgment in the amount of its unpaid invoices

plus prejudgment interest, and an order directing the garnishee bank to release the attached funds in satisfaction of the judgment.

## BACKGROUND

On April 14, 2025, OSR filed a *Verified Complaint* against Sadot pursuant to Supplemental Rule B [Dkt. 1]. The complaint alleged that OSR, as vessel owner, entered into a charter party with Sadot Latam guaranteed by Sadot Group, as charterers, for the hire of a vessel [Dkt. 1 at ¶ 8]. Sadot subsequently breached the charter party by failing to narrow the laycan, failing to nominate load and discharge ports, and failing to provide a cargo, thereby triggering a contractual cancellation fee [Dkt. 1 at ¶¶ 11–13].

On May 22, 2025, OSR served Citizens Bank with copies of the *Verified Complaint* [Dkt. 1], *Order* [Dkt. 7], and *Process of Maritime Attachment and Garnishment* [Dkt. 7-1], as memorialized and recorded in the *Return of Service* [Dkt. 9]. Citizens Bank answered, confirming that Sadot Latam maintained an active commercial checking account with a balance of $270,457.71 [Dkt. 10 at ¶ 5].

Under Supplemental Rule B(3)(b), Sadot was required to appear and answer within thirty days of service on the garnishee—*i.e.*, by June 21, 2025—but failed to do so. OSR thereafter provided additional notice by certified mail and email pursuant to Supplemental Rule B(2)(b) and Local Admiralty Rule B(2) [Dkt. 10 at ¶ 8]. Sadot still did not appear or respond. On January 22, 2026, upon OSR's application, the Clerk issued an *Entry of Default* against both defendants [Dkt. 12].

# ARGUMENT

## I.  The Court Should Enter Default Judgment Against Sadot

Once default has been entered, the Court may grant judgment in favor of the plaintiff on all claims supported by well-pleaded allegations in the complaint, which are deemed admitted. *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62–63 (1st Cir. 2002); *Eisler v. Stritzler*, 535 F.2d 148, 153 (1st Cir.1976); *Tropical Cheese Indus., Inc. v. Castillo*, Case No. 15 Civ. 410, 2016 WL 3406095, at *1 (D.R.I. June 17, 2016); *Plasterers' & Cement Masons' Loc. 40 Pension Fund v. D & M Concrete Finishing*, Case No. 12 Civ. 256, 2013 WL 2432420, at *2 (D.R.I. June 4, 2013); *Queally v. Est. of Hoviss*, Case No. 10 Civ. 002, 2011 WL 6026593, at *1 (D.R.I. Dec. 2, 2011); *S.E.C. v. Locke Cap. Mgmt., Inc.*, 726 F. Supp. 2d 105, 106 (D.R.I. 2010), amended, 794 F. Supp. 2d 355 (D.R.I. 2011).

OSR's *Verified Complaint* easily satisfies this standard.  It pleads the existence of a maritime contract, Sadot's breach of that contract, and resulting damages [Dkt. 1 at ¶¶ 8-17]. Sadot failed to pay the agreed cancellation fee.  The invoices are verified and undisputed [Dkt. 1-1].  No further proof is required where, as here, the defendants have defaulted.

Accordingly, the Court should enter default judgment in OSR's favor for the principal amount of $250,000.

## II.  The Court Should Award Prejudgment Interest at 6% Per Annum

Prejudgment interest is routinely awarded in admiralty cases and should be denied only in exceptional circumstances.  *Moran Towing Corp. v. M. A. Gammino Const. Co.*, 292 F. Supp. 134, 141 (D.R.I. 1968), aff'd in part and remanded, 409 F.2d 917 (1st Cir. 1969).  No such circumstances exist here.  Sadot's obligation to pay the cancellation fee was clear, the amounts invoiced were liquidated, and Sadot has wrongfully withheld funds owed to OSR for a year.

Courts in this District regularly apply a 6% prejudgment interest rate in admiralty cases as a fair approximation of prevailing rates. *Doyle v. Huntress, Inc.*, 474 F. Supp. 2d 337, 347 (D.R.I. 2007), aff'd, 513 F.3d 331 (1st Cir. 2008); *CEH, Inc. v. F/V Seafarer (O.N. 675048)*, 880 F. Supp. 940, 954 (D. R.I.), aff'd sub nom. *CEH, Inc. v. F/V Seafarer*, 70 F.3d 694 (1st Cir. 1995); *Frost v. Gallup*, 329 F. Supp. 310, 314–15 (D.R.I. 1971); *Moran Towing Corp. v. M. A. Gammino Const. Co.*, 292 F. Supp. 134, 141 (D. R.I. 1968), aff'd in part and remanded, 409 F.2d 917 (1st Cir. 1969). That rate is also expressly referenced in Supplemental Rule E(5)(a) in the context of security for maritime claims.

As of January 31, 2026, prejudgment interest at 6% per annum totals $14,691.78.[1] OSR respectfully reserves all rights and claims to seek additional damages, fees, costs, and interest arising out of or relating to the allegations in the *Verified Complaint*. At a minimum, however, the Court should award prejudgment interest in the amount of $14,691.78.

**II.     The Court Should Order Citizens Bank to Disburse the Attached Funds**

Supplemental Rule B(3)(a) requires a garnishee in possession of a defendant's property to hold that property subject to further order of the Court. With judgment entered, there is no basis to continue that restraint.

Citizens Bank has confirmed that it holds $270,457.71 belonging to Sadot Latam. Upon entry of default judgment, the Court should order Citizens Bank to disburse $264,691.78 of those funds to OSR c/o its attorneys Kirby L. Aarsheim, FARRELL SMITH O'CONNELL AARSHEIM APRANS LLP, 106 Francis Street, Suite B2, Providence, Rhode Island 02903, in satisfaction of the judgment.

---

[1] Invoice number 2025BG00101 [Dkt. 1-1 at p. 2] in the amount of $125,000.00 was due January 31, 2025, and has accrued $7,500.00 interest; invoice number 2025BG00102 [Dkt. 1-1 at p. 3] in the amount of $125,000.00 was due February 15, 2025, and has accrued $7,191.78 interest.

## **CONCLUSION**

WHEREFORE, plaintiff OSR ROTTERDAM BV respectfully requests that the Court (i) enter default judgment against defendants SADOT LATAM LLC and SADOT GROUP INC in the amount of $264,691.78, (ii) order Citizens Bank to disburse $264,691.78 of the attached funds to OSR, and (iii) grant such other and further relief as it deems just and proper.

Dated: February 10, 2026
       Providence, Rhode Island

                          Respectfully submitted,

                          */s/ Kirby L. Aarsheim*
                          Kirby L. Aarsheim (Bar No.: 8368)
                          Farrell Smith O'Connell
                          Aarsheim Aprans LLP
                          106 Francis Street, Suite B2
                          Providence, Rhode Island 02903
                          508-989-1821 (Tel)
                          kaarsheim@fsofirm.com

                          and

                          Robert E. O'Connor (*pro hac vice*)
                          Cassandra Hemmer (*of counsel*)
                          MONTGOMERY MCCRACKEN
                          WALKER & RHOADS LLP
                          437 Madison Avenue
                          New York, NY 10022
                          Tel.:        (212) 867-9500
                          Email:     roconnor@mmwr.com
                                              chemmer@mmwr.com

## **CERTIFICATE OF SERVICE**

I certify that on February 10, 2026, I filed the above document via the Electronic Case Filing System, through which a copy will be electronically delivered to all attorneys who are listed as registered participants in connection with this case.

*/s/ Kirby L. Aarsheim*
Kirby L. Aarsheim
